STANDARD LIFE INS. CO. OF THE SOUTH *v.* COLEMAN.

(Division A.   Nov. 2, 1936.)

[170 So. 297.   No. 32329.]

Brandon & Brandon, of Natchez, for appellant.

**Engle & Laub,** of Natchez, for appellee.

Argued orally by **Gerard Brandon**, for appellant.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree overruling a general and a special demurrer to a bill of complaint. The complainant, the appellee here, is a beneficiary in a life insurance policy issued by the appellant to Richard Coleman. The defendants to the bill of complaint are the appellant, the company which issued the policy, Sarah

McCoy, Sarah Coleman, and Bertha Coleman, administratrix of the estate of Richard Coleman. The purpose for which the persons other than the insurance company were made defendants to the bill will hereinafter appear.

The allegations of the bill of complaint, in substance, are: The Standard Life Insurance Company of the South issued to Richard Coleman, alleged to be the husband of the complainant, Bertha Coleman, an insurance policy payable on his death to Bertha, a copy of the policy being filed as an exhibit to the bill. The policy provides for the payment of weekly premiums thereon of forty cents each; it contains an "accidental death benefit" clause by which if death of the insured was accidental within the terms of the policy, double the face of the policy would be paid to the beneficiary. Richard Coleman was shot and killed by Bertha, his wife, who was thereafter indicted therefor, tried and acquitted. The complainant has been appointed, and has qualified, as administratrix of the estate of Richard Coleman. Sarah McCoy claims that she married Richard Coleman prior to his marriage with the complainant, and is his widow, entitled to participate in the proceeds of the insurance policy. Sarah Coleman is the daughter of Richard Coleman and the complainant. The marriage of Sarah McCoy and Richard Coleman is denied, but is alleged to be here immaterial for the reason that the policy is made expressly payable to Bertha Coleman. Sarah McCoy is alleged to be a proper defendant, so that her claim to the proceeds of the policy as the widow of Richard Coleman may be adjudicated; and for the further reason, along with Sarah Coleman and Bertha Coleman, administratrix, so that in event it should appear that Richard Coleman was feloniously killed by the appellee, which fact the bill denied, and the court should hold that for that reason she cannot recover on, or share in

the proceeds of, the policy, they may assert the right, if any, of Richard Coleman's estate thereto.

The Standard Life Insurance Company of the South appeared and filed a general and a special demurrer. The special demurrer challenges, among other things, the joinder of Sarah McCoy, Sarah Coleman, and Bertha Coleman, administratrix, as parties defendant to the bill of complaint.

One of the appellant's complaints is that the bill fails to allege that all premiums due on the policy had been paid. The appellee says that the bill contains two allegations which include the payment of the premiums. These allegations are: (1) "That there was, at the time of the death of the said Richard Coleman, a valid policy of insurance on his life issued by Standard Life Insurance Company of the South, a defendant herein, copy of which is hereunto attached," etc., and (2) "complainant has complied with all of the terms and conditions of said policy of insurance in all manners whatsoever."

The word "valid" as here used does not necessarily imply that the premiums due on the policy had been paid. The second allegation is sufficient to allege the performance of all conditions which the complainant herself must have performed, section 561, Code of 1930, but the payment of premiums was not a condition to be performed by her, but by the insured. This defect, of course, can be cured by amendment.

Coming now to the special demurrer, Bertha Coleman's cause of action on the policy is legal, not equitable, and the only necessary party thereto is the insurance company. If the other parties which the complainant seeks to make defendants to the bill have the right to recover on the policy, they will not be affected by a judgment or decree in an action by Bertha Coleman against the company, and she is concerned only with her own right to recover. Whether the company has the right to itself bring all persons claiming an interest in

the policy before the court in one suit is not before us; it is here objecting to that course.

The decree of the court below will be reversed, and the cause will be remanded to the circuit court of Adams county.

So ordered.